IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT J. NELSON,<br>    *Plaintiff,*<br><br> v.<br><br>WHOLE FOODS MARKET GROUP,<br>    *Defendants.* | CIVIL ACTION<br>No. 19-3071 |

**PAPPERT, J.**                                 **March 9, 2020**

## MEMORANDUM

  Defendant Whole Foods Market Group, Inc. moves to dismiss Plaintiff Herbert J. Nelson's employment discrimination Complaint against it. (ECF Nos. 17 and 18.) Nelson, representing himself, filed two documents in response to the motion. (ECF Nos. 19 and 20.) The Court grants Defendant's motion and dismisses Nelson's Complaint.

I

  In the Complaint Nelson filed with the Court[1], prepared on the Court's form for a plaintiff filing an employment discrimination action, he complains he was terminated, retaliated against and denied equal pay. (Compl., ECF No. 1, at ECF p. 4-5.)[2] He alleges that it is his best recollection that the alleged discriminatory acts occurred or

---

[1]  Nelson served Whole Foods with a document that is different from the Complaint he filed with the Court. (ECF No. 18.) Whole Foods does not, however, move to dismiss for Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(c)(1), which requires the service of a summon "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

[2]  Because of inconsistent pagination, the Court cites the Complaint using page numbers from the ECF docket entry.

began on or about December 23, 2015.  (*Id.* at ECF p. 5.)  By checking appropriate locations on the form, he asserts claims for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; the Americans With Disabilities Act, 42 U.S.C. §§ 12112-12117; and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-953.  (*Id.* at ECF p. 3, 5.).  He alleges that he was born in 1945.  (*Id.* at ECF p. 5.)  In a Pennsylvania Human Relations Commission ("PHRC") Intake Information Form attached to his Complaint, he alleges that his race/color is black.  (*Id.* at ECF p. 12.)  With respect to disability, Nelson's PHRC Employment Discrimination Questionnaire identifies "anxiety" and stress," states that he is "visiting doctor for conditions," his condition is "very new" and it is "difficult to determine" how much longer he expects to have the disability.  (*Id.* at ECF p. 16.)  He wrote that he is "on medication" but that his employer had not learned about his disability.  (*Id.* ("They haven't.").)

Nelson's Equal Pay Act claim relates to a 44 cent per hour pay raise which he contends he was owed but never received.  (*Id.* at ECF p. 36.)  His retaliation claim also appears to arise out of the denied 44 cent pay raise.  He alleges that he objected to having been denied the pay raise and that sometime thereafter, he was summoned to the management office and asked whether he had touched two Caucasian females.  (*Id.* at ECF p. 23.)  He was discharged after that, allegedly because he "told [management] off about [his money] and treatment, which they didn't like!"  (*Id.* at ECF p. 23.)  Nelson alleges that he did not touch any female.  (*Id.*; *see also id.* at ECF p. 24 ("Touching them would be a no! no!  All lies.  Impossible.  All fabricated by decisionmakers."))

2

II

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), Nelson's Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations and generalizations are insufficient to state a claim. *Id.* He must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of his claims. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations omitted and alteration in original). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).

As Nelson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). There is "an understanding that a court must make reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). At the same time, self-represented litigants "must allege sufficient facts in their complaints to support a claim. . . . At the end of the day, they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III

A

Whole Foods argues that Nelson's Complaint should be dismissed because his claims are time barred. (Mem. in Support of Def.'s Mot., ECF No. 17-2 at 1-2.) However, "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense" such as a statute of limitations. *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014). "While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) (abrogated on other grounds by *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (citations omitted)).

Nelson alleges that the alleged discriminatory and retaliatory acts and Equal Pay Act violation occurred or began on or about December 23, 2015. (Compl. at ECF p. 5.) It appears that the PHRC received his employment discrimination questionnaire on January 4, 2016. (*Id.* at ECF p. 13.) His Complaint also includes a May 20, 2019 "dismissal and notice of rights" letter from the U.S. Equal Employment Opportunity Commission for Charge No. 17F-2017-6-137 stating that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." (*Id.* at 10.) Nelson asserts that he "met all said time-frame, without any delay in a timely matter" and alleges that any delay would be due to "[a] failure to mediate, coupled with requesting of extensions . . . ." (Compl. at ECF p. 41.)

Nelson's allegations are enough to prevent any statute of limitations-based dismissal of his Title VII, ADA and ADEA claims.  The statute of limitations is tolled for these claims when an EEOC charge is filed within 300 days of alleged discrimination or retaliation (or within 180 days if the charge is not dually filed with the PHRC).  42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117 (ADA); 29 U.S.C. § 626(d)(1) (ADEA).  Plaintiffs have 90 days to file suit following receipt of an EEOC right to sue letter.  *See* 42 U.S.C. § 2000e–5(f)(1) (Title VII and ADA)[3]; 29 U.S.C. § 626(e) (ADEA).  Liberally construed, Nelson alleges he raised his discrimination claims with the PHRC within 300 days of December 23, 2015 and he received a right to sue letter from the EEOC on or around May 20, 2019.  He filed his complaint within 90 days thereafter on July 15, 2019.  Given these facts, it would be premature at this stage of the litigation to resolve the timeliness and adequacy of Nelson's efforts to exhaust his administrative remedies with respect to his Title VII, ADA and ADEA claims.

However, as alleged, Nelson's claims under the Equal Pay Act are time barred. "Claims arising under the [Equal Pay Act] must be filed within two years of accrual of the cause of action, except in case of willful violations, in which the limitations period is three years." *Ryan v. Gen. Mach. Prod.*, 277 F. Supp. 2d 585, 595 (E.D. Pa. 2003) (citing *Miller v. Beneficial Mgm't Corp.*, 977 F.2d 834, 842 (3d Cir. 1992)).  Nelson filed his Complaint on July 15, 2019, more than three years after the events giving rise to his Equal Pay Act claim.  Under the allegations in the Complaint, Nelson was no longer employed by Whole Foods by July 15, 2016, and, even if his allegations are sufficient to plead willful conduct, there is no basis for finding that he has alleged a continuing

---

[3]     The ADA incorporates by reference Title VII's "powers, remedies, and procedures." 42 U.S.C. § 12117.

5

violation of the Equal Pay Act extending beyond that date. Nelson's Equal Pay Act claims are dismissed.

B

Whole Foods also argues that Nelson fails to state a claim upon which relief may be granted. The Court agrees. Liberally construing Nelson's allegations, he does not plead enough facts to support the elements of a claim for race, age or disability discrimination.

Title VII provides that employers may not "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a Title VII claim in the absence of evidence of discrimination (which is not alleged in Nelson's Complaint), Nelson must plead that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) either the adverse employment action occurred under circumstances that give rise to an inference of discrimination or similarly situated individuals outside of his protected class were treated more favorably than he was. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Nelson alleges that he is African American, was denied a pay raise and was terminated. However, he must also allege facts that "establish some causal nexus between his membership in a protected class" and the adverse employment action that he complains about. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Nelson has not alleged facts sufficient to show that he was denied a pay raise or terminated because of his race. There are no allegations in his

complaint regarding the race of other employees who received the 44 cent pay raise that Nelson claims he was denied. And his allegation that he was terminated because he allegedly inappropriately touched two Caucasian females is not enough to permit the Court to make a reasonable inference that his termination was linked to his race. He does not allege that the managers who accused him of inappropriate conduct and decided to terminate him were not African American or that Caucasian employees accused of similar conduct were not terminated. Nelson's Title VII claim is insufficiently pled.

To state a claim for age discrimination under the ADEA, Nelson must allege that he: (1) was over forty years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a person sufficiently younger to permit an inference of age discrimination. *See Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001). Although he alleges that he was over forty and that he was denied a pay raise and terminated, he does not allege that similarly situated *younger* employees received the pay raise that he claims he was denied, that Defendant filled his position with a younger employee after his termination or any other fact to permit an inference of age discrimination. (*See, e.g.*, Compl. at ECF p. 19 (alleging that "everyone else [who] has received their job dialogue got raises/hourly" but not alleging that "everyone else" was younger than he was). Nelson's single conclusory allegation that "younger work[er]s lack inter[e]st" is not enough to state a claim for age discrimination. (*Id.* at ECF p. 18.)

To plead a claim of disability discrimination under the ADA, Nelson must allege that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise

qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination . . . ." *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009) (quoting *Williams v. Phila. Housing Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 1999)) (citation and internal quotations omitted) (alterations in original). The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Nelson has not sufficiently alleged that he was disabled at the time of Defendant's alleged discriminatory actions. Responding to the question "[w]hat is your disability" in his PHRC questionnaire, Nelson wrote "Nothing very major/on medication since the event." (Compl. at ECF p. 16.) In response to the question of whether he had a disability in the past he wrote, "None of the likes." (*Id.*) He also wrote that his disability "just started" and was "very new." (*Id.*) These allegations are not enough to "nudge" Nelson's ADA claim "across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (citation omitted).

IV

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires." "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 Wright & Miller, Federal Practice and Procedure: Civil § 1474 (3d ed. 2019)). Out of an abundance of caution, Nelson's Complaint will be dismissed without prejudice to

8

amendment to the extent that he can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.